UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HONG CHANG TU AND QUOIA GIA TRINH, <br><br> Plaintiffs, <br> v. <br><br> ROMULO F. MILLAN, <br><br> Defendant. | Case No.: C 10-2962 PSG <br><br> **ORDER REASSIGNING CASE TO A DISTRICT JUDGE AND RECOMMENDING THAT CASE BE REMANDED TO STATE COURT** <br><br> **(Re: Docket No. 40)** |

Before the court is Plaintiffs Hong Chang Tu and Quoia Gia Trinh's (collectively "Plaintiffs") application for issuance of writ of possession of real property, or in the alternative, a motion to remand for lack of jurisdiction over this unlawful detainer action. On November 30, 2011, the court granted Plaintiffs' *ex parte* application for an order shortening time to hearing on the application for writ of possession and the motion to remand, allowing approximately one week for Defendant Romulo F. Millan ("Millan") to file a response.[1] Millan opposes the application and the motion but has not filed a consent or declination to magistrate judge jurisdiction. Accordingly,

IT IS HEREBY ORDERED that this case be reassigned to a district judge.[2]

---

[1] *See* Docket No. 43.

[2] Magistrate judges have authority to issue final dispositive rulings only in cases where all parties have consented to the jurisdiction of the magistrate judge. *See* 28 U.S. C. § 636(c)(1). The Ninth Circuit has left open the question of whether a remand to state court is a "pretrial matter" that may

1

Case No.: 10-2962 PSG
ORDER

IT IS FURTHER RECOMMENDED that the case be remanded to state court based on lack of subject matter or diversity jurisdiction.

This action originated as a complaint for unlawful detainer.  Judge Koh (then a state court judge) presided over a trial in the case and found that Plaintiffs were entitled to recover possession of the property at issue. Millan sought a stay of execution of the judgment after paying rent in the amount of $6,000.  Execution of the judgment was stayed until July 22, 2010.  On June 17, 2010, Millan filed a voluntary bankruptcy petition under Chapter 13 with the San Jose Division of the Northern District of California Bankruptcy Court  As a result of his bankruptcy petition, this unlawful detainer action became subject to an automatic stay pursuant to 11 U.S.C. § 362(a). Millan then removed this case on July 6, 2010.  On August 10, 2011, Millan filed a cross-complaint against Cross-Defendants Alliance Bancorp, Alliance Title Company, El Dorado Hills Real Estate Services, and Mortgage Electronic Registration Systems, Inc. alleging violations of TILA and RESPA and various state law claims.[3]  Millan's efforts to challenge the foreclosure sale to Plaintiffs proved unsuccessful in bankruptcy court and on October 12, 2011, the bankruptcy judge granted relief from the stay, effective November 14, 2011.  Although Millan alleges in his cross-complaint both federal and state law claims, "removability cannot be created by defendant pleading a counter-claim presenting a federal question."[4]  Nor does the complaint for unlawful

---

be referred to a magistrate judge for determination pursuant to 28 U.S. C. § 636(b)(1)(A). *See Nasca v. Peoplesoft*, 160 F.3d 578, 580 n. 3 (9th Cir. 1998) ("We express no opinion regarding [the magistrate judge's] authority [to remand the case] had the matter been referred under 28 U.S.C. § 636(b)."). It nonetheless appears that all other appellate courts that have addressed the issue have found that remand is not merely a pretrial matter.  *See, e.g.*, *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (finding that a remand order is the "functional equivalent" of an order of dismissal for purposes of 28 U.S.C. § 636(b)(1)(A)). Accordingly, out of an abundance of caution, the court proceeds by way of a recommendation and reassignment order.

[3]  None of these defendants have appeared in the case and it does not appear that the cross-complaint was ever served.

[4] *Eden Housing Mgmt., Inc. v. Muhammad,* No. C 07-4325 SBA, 2007 WL 4219397, at *2 (quoting *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (citations omitted)). *See also Citibank N.A. v. Ortiz*, No. 08-cv-1301 LAB, 2008 WL 4771932, at *1 (S.D.

2

Case No.: 10-2962 PSG
ORDER

detainer raise a federal question. It is well-settled that federal courts do not have jurisdiction over unlawful detainer actions, where federal law does not create the cause of action and the plaintiff's right to relief does not depend on a resolution of a question of federal law.[5] The court further finds no diversity jurisdiction based on Plaintiffs' unlawful detainer action, which was filed in state court as a case of "limited civil jurisdiction" amounting to less than $10,000 in controversy.[6]

In sum, based upon a review of the pleadings filed in state court, the undersigned finds that there is no basis for federal jurisdiction over this case.[7] The case should therefore be remanded without further delay.

Dated: 12/12/2011

PAUL S. GREWAL
United States Magistrate Judge

---

Cal. Oct. 28, 2008) ("Neither allegations or affirmative defenses in an Answer nor in the petition for removal can create federal jurisdiction.") (quoting *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002)).

[5] *See, e.g., Eden Housing Mgmt.*, 2007 WL 4219397, at *2-3 (no federal question on the face of unlawful detainer complaint); *Ortiz*, 2008 WL 4771932, at *1 (same).

[6] *See* Docket No. 1.

[7] *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) ("In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed." (citations omitted).

3

Case No.: 10-2962 PSG
ORDER